UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **The United States of America**, ex rel., **Andrew M. Garner, III**, and **Andrew M. Garner, III**, individually,<br><br>Plaintiffs,<br><br>v.<br><br>**ANTHEM INSURANCE COMPANIES**, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>) No. 1:00CV463<br>) SENIOR JUDGE S. ARTHUR SPIEGEL<br>)<br>)<br>)<br>)<br>)<br>) |

**RELATOR'S MOTION FOR PARTIAL LIFTING OF THE STAY AS TO RELATOR'S INDIVIDUAL RETALIATORY DISCHARGE CLAIM AND REQUEST FOR STATUS CONFERENCE**

NOW COMES the Relator, Andrew M. Garner, III, through his attorneys, Aschemann Keller LLC and Helmer, Martins, Rice, Popham Co., L.P.A. and for his Motion for Partial Lifting of the Stay as to Relator's Individual Claim under 31 U.S.C. §3730(h), states as follows:

That for the reasons set forth in Relator's Memorandum of Law in Support of the instant motion, the substance of which is incorporated as if fully set forth herein, the Relator, Andrew M. Garner, III, respectfully requests that this Honorable Court partially lift the stay as it applies to Mr. Garner's retaliatory discharge claim, filed under 31 U.S.C. §3730(h), so that he may proceed to trial on this matter. Relator further requests that this Court schedule a status conference with

respect to the fairness of the reported settlement.

                   Respectfully submitted,

/s/ Timothy Keller           /s/ Paul B. Martins
Timothy Keller            Paul Martins (0007623)
Illinois Bar #6225309          Helmer, Martins, Rice, Popham Co. L.P.A.
Aschemann Keller LLC         Fourth & Walnut Centre, Suite 1900
108 West Jackson Street         105 East Fourth Street
Marion, Illinois 62959          Cincinnati, Ohio 45202
Telephone: (618) 998-9988        Telephone: 513) 421-2400
Facsimile: (618) 998-0796        Facsimile: (513) 421-7902
E-Mail: tkeller@quitamlaw.org       E-Mail: pmartins@fcalawfirm.com
*Counsel for Relator*           *Trial Counsel for Relator*

**RELATOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL LIFTING OF THE STAY AS TO RELATOR'S INDIVIDUAL RETALIATORY DISCHARGE CLAIM AND REQUEST FOR STATUS CONFERENCE**

Over a month ago, on or about May 26, 2005, the United States filed its Notice of Election to Intervene ("Notice"). That Notice informed this Honorable Court that it had reached a settlement agreement with Defendants and that the settlement of this matter was subject only to negotiation of a settlement agreement and other final terms. In conjunction with this reported settlement with the Defendants, the United States asked this Court to stay the proceedings. On its face, the stay Order prepared by the United States and entered by this Court does not distinguish between the False Claims Act claims to which the United States seeks intervention and the retaliation claim which belongs exclusively to the Relator under 31 U.S.C. §3730(h).

The Defendants have clearly indicated that they view Relator's retaliatory discharge claim filed pursuant to 31 U.S.C. § 3730(h) as meritless. As a result, the parties herein have reached an impasse with respect to settlement of Relator's 3730(h) claim. Consequently, Relator now moves this Court to partially lift the stay as to this individual retaliation claim so that he may proceed with discovery and trial of this matter.

Relator also opposes the reported settlement between the United States and the Defendants of Relator's *qui tam* False Claims Act claims. Thus, for the reasons set forth below, the Relator also requests a status conference with the Court to discuss the manner in which to proceed with regard to a fairness hearing as to the fairness, adequacy and reasonableness of the reported settlement and the United States' provision of discovery relating thereto. 31 U.S.C. § 3730(c)(2)(B); *United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634 (6th Cir. 2003) (relator who challenges a proffered False Claims Act settlement was entitled to an

evidentiary hearing).

To be clear, the Relator has never accepted the settlement now embraced by the United States and the Defendants. Further, upon receipt of the settlement document and the United States' basis for accepting said settlement, Relator anticipates filing an Objection to Settlement pursuant to 31 U.S.C. §3730 (c)(2)(B) contesting the settlement's fairness, adequacy and reasonableness.

Relator further notes that the United States incorrectly represented in its Notice that Relator's counsel had tentatively accepted the settlement and was now "threatening to renege" on the agreement. In fact, on May 25, 2005, one day before the Government filed its Notice, Relator's counsel faxed and e-mailed a letter (attached hereto as Exhibit A) to counsel for the United States in which Relator's counsel:

> a. informed the government that the proposed $1.5 million settlement was inadequate, unfair and unreasonable and, therefore, rejected by Relator;
>
> b. requested the government advise Relator in writing of the following relevant information:
>
> - how the proposed settlement would be allocated between the different allegations of the complaint, indicating the single damages by count, the multiplier that was being applied, and the number of civil penalties included in the $1.5 million settlement number;
>
> - as to which counts of the complaint the government had intervened;
>
> - the basis for which the government believed $1.5 million was "fair, adequate, and reasonable under all the circumstances" as required by the False Claims Act, 31 U.S.C. §3730(c)(2)(B); and,

- • provide additional information needed by Relator for purposes of evaluating the adequacy of the government's investigation and settlement.

c. requested Department of Justice Counsel voluntarily participate in a conference call with the Court to discuss the manner in which to proceed with the discovery to which the Relator was entitled in preparation for the fairness hearing.

To date, the United States has not provided Relator's counsel with any of the information requested in the May 25, 2005 correspondence and is unwilling to voluntarily join in a conference call with the Court.[1]

Because no aspect of the Federal False Claims Act provides for a stay under the present circumstances – and the United States has referenced no statutory authority for the stay it has obtained – Relator understands the stay to have flowed from the Court's inherent power to take such action. The power of a federal district court to manage its own affairs to achieve the orderly and expeditious disposition of cases cannot be seriously questioned. Such inherent authority "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." *Link v. Wabash Railroad Company*, 370 U.S. 626, 630-31 (1962); *see also, In re NLO, Inc., et al.*, 5 F.3d 154, 157 (6th Cir. 1993) (district courts unquestionably have substantial inherent power to manage their docket if exercised in a manner in harmony with the Federal Rules of Civil Procedure). The power to stay proceedings is "incidental to the power inherent in every court to control the disposition

---

[1] In addition, during a phone conference with Department of Justice Counsel, Stanley Alderson, on June 24, 2005, Relator's counsel again requested that Mr. Alderson provide times when he would be available for a conference call with the court to discuss and clarify issues relating to the requested partial lifting of the stay. Mr. Alderson again refused to provide any available times and indicated it was his intention to stay Relator's private claim.

of the causes on its docket with economy of time and effort for itself, for counsel, for litigants." *Landis v. North American Co. Same v. American Water Works & Electric Co., Inc.*, 299 U.S. 248, 254 (1936).

Under the present circumstances, the United States has failed to explain exactly what hardship it will suffer if the Relator is permitted to proceed with his individual claim. That the United States has failed to make out a clear case of hardship or inequity strongly counsels for the Relator being permitted to proceed. From any perspective, neither the United States nor the Defendants in this cause will be prejudiced by the relief sought by the Relator insofar as the government's investigation on the merits of the complaint allegations are concluded as evidenced by the United States' election to intervene and settle. Coupled with this, the United States has no interest – indeed it has no standing – in the Relator's individual retaliation claim under 31 U.S.C. §3730(h). Relator, on the other hand, will be severely prejudiced by the stay remaining in place to the extent that a trial date has been established and Relator is being denied valuable time in which to conduct formal discovery. Relator notes with no small amount of concern that this Court has already established a schedule for completing discovery and absolutely no reason exists for delaying discovery – particularly where, as here, the retaliation claim is not part of the purported settlement.

WHEREFORE, the Relator, Andrew M. Garner, III, respectfully requests that this Honorable Court:

(1) partially lift the stay as it applies to Mr. Garner's retaliatory discharge claim under 31 U.S.C. §3730(h) so that he may proceed with service, discovery, and eventual trial of this matter; and

(2) schedule a status conference with respect to the manner to discuss proceeding with a fairness hearing as to the reported False Claims Act settlement.

A proposed Order is being e-mailed to the Court contemporaneous with the electronic filing of this Motion and supporting memorandum.

Respectfully submitted,

| | |
|---|---|
| /s/ Timothy Keller | /s/ Paul B. Martins |
| Timothy Keller | Paul Martins (0007623) |
| Illinois Bar #6225309 | Helmer, Martins, Rice, Popham Co. L.P.A. |
| Aschemann Keller LLC | Fourth & Walnut Centre, Suite 1900 |
| 108 West Jackson Street | 105 East Fourth Street |
| Marion, Illinois 62959 | Cincinnati, Ohio 45202 |
| Telephone: (618) 998-9988 | Telephone: 513) 421-2400 |
| Facsimile: (618) 998-0796 | Facsimile: (513) 421-7902 |
| E-Mail: tkeller@quitamlaw.org | E-Mail: pmartins@fcalawfirm.com |
| *Counsel for Relator* | *Trial Counsel for Relator* |

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Relator's' Motion For Partial Lifting of Stay As to Retaliatory Discharge Claim and for Status Conference was electronically filed on June 30, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Parties without access to the Court's electronic filing system will be served by ordinary U.S. Mail.

                                                                            /s/ Paul B. Martins