IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. ANDREW M. GARNER, III, | : : : | Case No. 1:00cv00463 (Judge S. Arthur Spiegel) |
| Plaintiffs, | : : | |
| vs. | : : : | DEFENDANT ANTHEM INSURANCE COMPANIES, INC.'S MEMORANDUM IN OPPOSITION TO RELATOR'S |
| ANTHEM INSURANCE COMPANIES, INC., et al., | : : : | MOTION FOR PARTIAL LIFTING OF THE STAY AS TO RELATOR'S INDIVIDUAL RETALIATORY |
| Defendants. | : : | DISCHARGE CLAIM AND REQUEST FOR STATUS CONFERENCE |

_____

## INTRODUCTION

Reserving all defenses and responses to the allegations in the recently unsealed Complaint, Defendant Anthem Insurance Companies, Inc. ("Anthem") objects to the Relator Andrew M. Garner, III's motion to lift the stay as it applies to the Relator's retaliatory discharge claim. Lifting the stay at this point is premature and unnecessary. The reasons why this Court issued a stay of this action in the first place have not changed and there is no basis for Relator to claim any prejudice from the continued stay. To the contrary, lifting the stay to allow the retaliatory discharge claim to proceed forward prior to approval of the False Claim Act settlement would prejudice the Government and Anthem.

Anthem has not participated in this litigation up to now and has not yet been served with the Complaint. Nonetheless, Anthem joins in the request to hold a status conference, but disagrees with Relator as to when the conference should take place.

{00171727.DOC/1}

Quite simply, Relator's request for an urgent status conference and his proposed agenda for that conference puts the "cart before the horse" for several reasons. First, Relator is prematurely announcing objections to a settlement agreement on the False Claim Act counts that has not yet been filed. Second, Relator does not need to take up the Court's valuable time now to discuss parameters for an evidentiary hearing on the fairness of a proposed settlement. In fact, the fairness of a settlement agreement is often determined without a contested evidentiary hearing. Before requesting a status conference, Relator should first file any objections to the proposed settlement and the parties should be given an opportunity to brief their respective positions about the nature and scope of the fairness hearing.

## ARGUMENT

**A.     The Stay Ordered by the Court Promotes Economy of Judicial and Legal Resources and Does Not Prejudice Relator.**

The Government and all Anthem Defendants have agreed on the relevant terms of a settlement to resolve the False Claims Act Counts in the Complaint. The settlement will involve a substantial cash payment by Defendants to the Government and waiver of certain claims for reimbursement due Defendants from the Government. While the Government and Defendants focus on concluding the settlement documentation, this Court has appropriately stayed the entire case. Resolution of the False Claim Act matters will substantially reduce the complexity of this case and the consumption of this Court's time. During the period of the stay, the Government and Defendants should be permitted to concentrate on completing the settlement documents for submittal to the Court, and then allowed adequate time to address any objections from Relator.

Lifting the stay to allow the retaliatory discharge matter to plunge forward on a piecemeal basis, while the False Claim Act settlement remains in limbo awaiting final approval,

{00171727.DOC/1}

2

makes no sense. The Relator cannot have it both ways. If he chooses to challenge the False Claim Act settlement, then the retaliatory discharge count of the Complaint should not go forward until the challenge to the settlement agreement is resolved. Otherwise, the Plaintiff, the Defendants and the Court face the prospect of dealing with discovery efforts twice. For example, the scope of discovery related to the retaliatory discharge claim changes, depending upon whether or not the False Claims Act settlement is accepted. That is, to proceed in the face of the proposed settlement, albeit a settlement that the Relator intends to challenge, limits the scope of discovery to information relevant to and surrounding Relator's discharge for cause. In addition, the Government is not likely to participate in discovery limited to Relator's personal claims. Without a Settlement, Relator's discovery parameters are much broader and render any previous discovery efforts inadequate, requiring all parties and the Court to redouble the time and effort already invested in the discovery process. In sum, there is no harm in preserving the stay for the period necessary to determine the fairness of the proposed settlement, and lifting the stay now will waste legal resources and inconvenience witnesses, among other problems.

     Relator will not be prejudiced by continuing the stay. The Relator is not being denied time to conduct discovery in the retaliatory discharge claim as he suggests. In fact, once Defendants are served with the Complaint, Relator and Defendants cannot even initiate any discovery until the parties meet to discuss their claims and defenses; to arrange for initial disclosures under Fed. R. Civ. P. 26(a)(1); to develop a discovery plan under Fed. R. Civ. P. 26(f); and to determine the possibility of prompt settlement of the case. *See* Fed. R. Civ. P. 26(d). This meeting of counsel simply cannot be productive until the Court determines whether approval of the False Claim Act settlement is appropriate. Without that determination, the

parties will not able to address the scope of discovery and the 26(f) Report would have to be redone if the Government eventually remains as a party.

> **B.     A Status Conference Should Be Held, But Not Until After the Court Determines the Nature and Scope of the Fairness Hearing.**

The Defendants agree that a status conference is appropriate. However, to be productive, that conference should not be scheduled until the Government has filed its final Settlement and Relator has filed his detailed objections thereto. However, at this writing, Relator has not even seen the settlement agreement. A conference to consider unspecified objections to the terms of an unfinalized settlement document cannot possibly be a good use of this Court's and the parties' time.

Relator says a status conference is needed now to address issues related to an evidentiary hearing concerning the fairness of settlement of the False Claim Act counts. This is premature. Once the final settlement terms are submitted to the Court, the legislative history of 31 U.S.C. 3730(c)(2)(B) of the False Claims Act confirms that the Relator has no automatic right to an evidentiary hearing about the fairness of the proposed settlement:

> The Committee does not intend, however, that evidentiary hearings be granted as a matter of right. We recognize that an automatic right could provoke unnecessary litigation delays. Rather, evidentiary hearings should be granted **when the *qui tam* relator shows a "substantial and particularized need" for a hearing**. Such a showing could be made if the relator presents a colorable claim that the settlement or dismissal is unreasonable in light of existing evidence, that the Government has not fully investigated the allegations, or that the Government's decision was based on arbitrary and improper considerations.

S. Rep. No. 99-345, at 26 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5291; *Ridenour v. Kaiser-Hill Co, LLC,* 397 F.3d 925, 931 (10th Cir. 2005). In fact, a leading commentator notes:

> Congress' adoption of this ["substantial and particularized need"] standard indicates an intention that the government's decision to settle be given a high degree of deference.

John T. Boese, Civil False Claims and Qui Tam Actions, §4.07[A][1], at 4-152-53 (2002-2 supp.).  Confirming that observation, courts have held that the fairness hearing for settlement agreements is not intended to "pose a significant burden to the government or courts." *Ridenour*, 397 F.3d at 931; *United States, ex rel. v. Boeing Co.,* 9 F.3d 743, 754 n. 11 (9th Cir. 1993).

The Relator's citation to *United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 651 (6th Cir. 2003) misses the mark.  There, the Sixth Circuit remanded a case for a *limited* evidentiary hearing on a *narrow* issue of fact.  The hearing ordered in *Bledsoe* had nothing to do with the fairness of the proffered settlement agreement.  Instead, the Sixth Circuit held that the Court should determine on remand whether the Relator was the original source of information for claims settled by the Government in a different case.  *Bledsoe* simply cannot be read to automatically trigger a Relator's *right* to an evidentiary hearing prior to approval of a False Claim Act settlement especially when that case did not address an issue about the fairness or adequacy of a Government settlement.

Putting matters in the proper sequence, once the Government submits its final settlement agreement to the Court and Relator, Relator should file whatever objection he believes is appropriate and request an evidentiary hearing if, after careful consideration, he believes there is a "substantial and particularized need."  When Relator's objections and requests are responded to by all parties, a status conference would then be productive to assist the Court in determining whether an evidentiary hearing is needed, and if so, the nature and extent of any such hearing.

{00171727.DOC/1}

Proceeding in such an orderly fashion as proposed by Anthem also may allow the Court to assist the parties in resolving any matters remaining in this dispute as is contemplated under Fed. R. Civ. P. 16(a) and (c).  In anticipation that the settlement agreement will be approved, Defendants have already requested information about Relator's attorney fees in an effort to conclude that matter without the need for this Court's intervention.  Defendants also made a good faith settlement offer on the retaliatory discharge claim.  Relator has declined to provide any detail about his fees (other than the total amount) and has made no counteroffer to Defendants' settlement offer.  Defendants have also extended an open invitation to mediate the retaliatory discharge claims, but Relator is not interested.  Anthem believes that the time has come for this matter to be fully and fairly brought to a close.  A status conference, properly sequenced, will better enable the Court to assist the parties with settlement or alternative dispute resolution.

## **CONCLUSION**

For all of these reasons, Anthem requests that the Court deny the Relator's motion to lift the stay as it relates to the retaliatory discharge claim.  In addition, Anthem requests that the Court schedule a status conference, but not until after: (i) the settlement of the False Claim Act matters is finalized and submitted to the Court; and (ii) Relator determines whether to object to the final settlement terms.

Respectfully submitted,

/s/ James A. Dyer
| James A. Dyer, Trial Attorney | (0006824) |
| Barbara A. Duncombe | (0072199) |
| Katherine L. Early | (0075380) |

SEBALY SHILLITO + DYER
A Legal Professional Association
1900 Kettering Tower
Dayton, OH 45423
937/222-2500
937/222-6554 (fax)
jdyer@ssdlaw.com
*Attorneys for Defendants*

{00171727.DOC/1}

**CERTIFICATE OF SERVICE**

      I certify that a true copy of the foregoing document was filed and served electronically through the Court's ECF system on July 19, 2005, and also served by regular U.S. mail upon:

| | |
|---|---|
| Gerald F. Kaminski, Esq.<br>U.S. Attorney<br>221 East Fourth Street, Suite 400<br>Cincinnati, OH 45202<br>*Attorneys for United States of America* | Kenneth F. Affeldt, Esq.<br>U.S. Attorney's Office<br>303 Marconi Boulevard, 2nd Floor<br>Columbus, OH 43215<br>*Attorneys for United States of America* |
| Michael F. Hertz, Esq.<br>Department of Justice<br>Civil Division/Commercial Litigation Branch<br>601 D Street NW, Room 9705<br>Washington, DC 20530<br>*Attorneys for the United States of America* | Stanley E. Alderson, Esq.<br>U.S. Department of Justice<br>Civil Division<br>P.O. Box 261<br>Washington DC 20044<br>*Attorneys for United States of America* |
| James B. Helmer, Jr., Esq.<br>Helmer Martins & Morgan<br>105 East 4th Street, Suite 1900<br>Cincinnati, OH 45202<br>*Attorneys for Andrew M. Garner, III* | J. Timothy Keller, Esq.<br>Aschemann Keller LLC<br>108 West Jackson Street<br>Marion, IL 62959<br>*Attorneys for Andrew M. Garner, III* |

    /s/ James A. Dyer
    James A. Dyer

{00171727.DOC/1}