UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. GARNER, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHEM INSURANCE COMPANIES, ) <br> INC., et al., ) <br> ) <br>    Defendants. ) | No. 1:00CV463 <br><br> Senior Judge S. Arthur Spiegel |

**THE UNITED STATES' RESPONSE TO RELATOR'S MOTION FOR PARTIAL LIFTING OF STAY AND FOR STATUS CONFERENCE**

On May 25, 2005, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2) and (4), the United States notified the Court that it was intervening and taking over this action. The United States informed the Court that it had reached a tentative settlement with defendants, subject to negotiation of a settlement agreement and other final terms, and requested a stay of this action to permit finalizing the agreement. The Court stayed this action for a period of sixty days. Order entered June 7, 2005. That stay will expire on August 7, 2005. Relator now requests a partial lifting of the stay as it applies to his retaliatory discharge claim under 31 U.S.C. § 3730(h). He also requests a status conference with respect to the fairness of the proposed settlement.

The United States has no objection to a partial lifting of the stay if Relator is strictly limited to proceeding with his retaliatory discharge claim and does not attempt to conduct discovery or otherwise intrude into the merits of the substantive False Claims Act claims. Nor

does the United States object to a status conference if the Court desires one, but would point out that any objection to the proposed settlement is premature at best, and that a status conference on the subject should await the appropriate briefing of any such objection. Although the United States anticipates settling this matter, settlement is not certain and, at this point, there is not a final settlement agreement between the United States and defendant. If, in fact, a final settlement is reached, the United States will advise the Court and Relator, provide copies of the agreement, and further inform the Relator as to the basis for the settlement. If the Relator then decides to object, he should file with the Court the grounds for his objection and the Court should permit a response by the United States. The Court can then decide how it wants to proceed. But, absent a final settlement, consideration of Relator's anticipated objection is premature.

Moreover, although Relator's counsel, Mr. Keller, refers to a May 25, 2005 letter as evidence of the Relator's objection to the proposed settlement; on May 19, 2005, Mr. Keller told counsel for the United States that the tentative settlement of $1.5 million was acceptable to Relator. In fact, Mr. Keller said that a $1.5 million recovery was what he really sought in the case, although the day before he had made a demand on defendant for $2,050,000, an amount that he characterized as 2.5 times single damages. *See* Letter dated May 18, 2005, from Timothy Keller to Barbara Duncombe and Jim Dyer, p. 4. (Attached as Exhibit A.) Apparently, after Mr. Keller was unable to extract the amount that he wanted from defendant on his retaliatory discharge claim, he changed his view of the settlement on the merits.

In any event, a decision on how to proceed with review of Relator's anticipated objection to the tentative settlement should await an actual settlement, a formal objection by Relator, and

an appropriate response by the United States.  Relator, by the way, is mistaken as to the procedures for review of such an objection.  He misconstrues *United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634 (6th Cir. 2003), as holding that a relator who challenges a False Claims Act settlement is entitled to an evidentiary hearing.  That case did not concern an objection to a False Claims Act settlement at all but, instead, the question of whether a non-False Claims Act settlement constituted an "alternate remedy" for purposes of the False Claims Act.  The Court of Appeals remanded and directed the lower court to conduct an evidentiary hearing as to whether the conduct contemplated by the settlement agreement overlapped with that alleged in a *qui tam* suit. *Id.* at 649-50.  In fact, there is no automatic right to an evidentiary hearing in a challenge to a False Claims Act settlement.  Instead, a relator must show "a substantial and particularized" need for such a hearing. *United States ex rel. Kelley v. Boeing Co.,* 9 F.3d 743, 754 n.11 (9th Cir. 1993).  Nor is discovery necessarily appropriate as part of such a challenge. *See Swift v. United States, 318 F.3d 250, 254 (D.C. Cir. 2003).*

    In any event, lifting the stay as to Relator's retaliation claim is not objectionable as long as he proceeds only on that limited claim.  The United States believes, however, that a status conference on Relator's anticipated objection to a tentative settlement is premature at this time and should await the conclusion of more formal proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

GREGORY G. LOCKHART
United States Attorney


s/Kenneth F. Affeldt
KENNETH F. AFFELDT (0052128)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio  43215
(614) 469-5715
Fax:  (614) 469-2769
Ken.Affeldt @usdoj.gov



s/Stanley E. Alderson
MICHAEL F. HERTZ
JOYCE R. BRANDA
STANLEY E. ALDERSON
Attorneys, Civil Division
Commercial Litigation Branch
Post Office Box 261
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-6696

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing The United States' Response to Relator's Motion for Partial Lifting of Stay and for Status Conference was served this 21st day of July, 2005, electronically on: James B. Helmer, Jr., Helmer, Martins & Morgan, 105 East Fourth Street, Suite 1900, Cincinnati, Ohio 45202 and James A. Dyer, Sebaly, Shillito & Dyer, 1900 Kettering Tower, Dayton, Ohio 45423; and by regular U.S. Mail on: John Timothy Keller, Aschemann Keller, LLC, 108 West Jackson Street, Marion, Illinois 62959.

s/Gerald F. Kaminski
GERALD F. KAMINSKI (0012532)
Assistant United States Attorney