or bear as the result of legislative, judicial, or administrative action taking effect after the contract date.

"After-relieved tax," as used in this clause, means any amount of tax or duty, other than an excepted tax, that would otherwise have been payable on the transactions or property covered by this contract, but which the Contractor is not required to pay or bear, or for which the Contractor obtains a refund, as the result of legislative, judicial, or administrative action taking effect after the contract date.

"Excepted tax," as used in this clause, means social security or other employment taxes, net income and franchise taxes, excess profits taxes, capital stock taxes, transportation taxes, unemployment compensation taxes, and property taxes. "Excepted tax" does not include gross income taxes levied on or measured by sales or receipts from sales, property taxes assessed on completed supplies covered by this contract, or any tax assessed on the Contractor's possession of, interest in, or use of property, title to which is in the U.S. Government.

(c) Unless otherwise provided in this contract, the contract price includes all applicable taxes and duties, except taxes and duties that the Government of the United States and the government of the country concerned have agreed shall not be applicable to expenditures in such country by or on behalf of the United States.

(d) The contract price shall be increased by the amount of any after-imposed tax or of any tax or duty specifically excluded from the contract price by a provision of this contract that the Contractor is required to pay or bear, including any interest or penalty, if the Contractor states in writing that the contract price does not include any contingency for such tax and if liability for such tax, interest, or penalty was not incurred through the Contractor's fault, negligence, or failure to follow instructions of the Contracting Officer or to comply with the provisions of paragraph (i) below.

(e) The contract price shall be decreased by the amount of any after-relieved tax, including any interest or penalty. The Government of the United States shall be entitled to interest received by the Contractor incident to a refund of taxes to the extent that such interest was earned after the Contractor was paid by the Government of the United States for such taxes. The Government of the United States shall be entitled to repayment of any penalty refunded to the Contractor to the extent that the penalty was paid by the Government.

(f) The contract price shall be decreased by the amount of any tax or duty, other than an excepted tax, that was included in the contract and that the Contractor is required to pay or bear, or does not obtain a refund of, through the Contractor's fault, negligence, or failure to follow instructions of the Contracting Officer or to comply with the provisions of paragraph (i) below.

(g) No adjustment shall be made in the contract price under this clause unless the amount of the adjustment exceeds $250.

(h) If the Contractor obtains a reduction in tax liability under the United States Internal Revenue Code (Title 26, U.S. Code) because of the payment of any tax or duty that either was included in the contract price or was the basis of an increase in the contract price, the amount of the reduction shall be paid or credited to the Government of the United States as the Contracting Officer directs.

(i) The Contractor shall take all reasonable action to obtain exemption from or refund of any taxes or duties, including interest or penalty, from which the United States Government, the Contractor, any subcontractor, or the transactions or property covered by this contract are exempt under the laws of the country concerned or its political subdivisions or which the governments of the United States and of the country concerned have agreed shall not be applicable to expenditures in such country by or on behalf of the United States.

(j) The Contractor shall promptly notify the Contracting Officer of all matters relating to taxes or duties that reasonably may be expected to result in either an increase or

decrease in the contract price and shall take appropriate action as the Contracting Officer directs. The contract price shall be equitably adjusted to cover the costs of action taken by the Contractor at the direction of the Contracting Officer, including any interest, penalty, and reasonable attorneys' fees.

SECTION 5.30
COST ACCOUNTING STANDARDS. (AUG 1992) (FAR 52.230-2)

(a) Unless the contract is exempt under 48 CFR, Subparts 9903.201-1 and 9903.201-2, the provisions of 48 CFR, Part 9903 are incorporated herein by reference and the Contractor, in connection with this contract, shall -

(1) (CAS-covered Contracts Only) By submission of a Disclosure Statement, disclose in writing the Contractor's cost accounting practices as required by 48 CFR, Subpart 9903.202-1 through 9903.202-5, including methods of distinguishing direct costs from indirect costs and the basis used for allocating indirect costs. The practices disclosed for this contract shall be the same as the practices currently disclosed and applied on all other contracts and subcontracts being performed by the Contractor and which contain a Cost Accounting Standards (CAS) clause. If the Contractor has notified the Contracting Officer that the Disclosure Statement contains trade secrets and commercial or financial information which is privileged and confidential, the Disclosure Statement shall be protected and shall not be released outside of the Government.

(2) Follow consistently the Contractor's cost accounting practices in accumulating and reporting contract performance cost data concerning this contract. If any change in cost accounting practices is made for the purposes of any contract or subcontract subject to CAS requirements, the change must be applied prospectively to this contract and the Disclosure Statement must be amended accordingly. If the contract price or cost allowance of this contract is affected by such changes, adjustment shall be made in accordance with subparagraph (a)(4) or (a)(5) of this clause, as appropriate.

(3) Comply with all CAS, including any modifications and interpretations indicated thereto contained in 48 CFR, Part 9004, in effect on the date of award of this contract or, if the Contractor has submitted cost or pricing data, on the date of final agreement on price as shown on the Contractor's signed certificate of current cost or pricing data. The Contractor shall also comply with any CAS (or modifications to CAS) which hereafter become applicable to a contract or subcontract of the Contractor. Such compliance shall be required prospectively from the date of applicability to such contract or subcontract.

(4)(i) Agree to an equitable adjustment as provided in the Changes clause of this contract if the contract cost is affected by a change which, pursuant to subparagraph (a)(3) of this clause, the Contractor is required to make to the Contractor's established cost accounting practices.

(ii) Negotiate with the Contracting Officer to determine the terms and conditions under which a change may be made to a cost accounting practice, other than a change made under other provisions of subparagraph (a)(4) of this clause; provided that no agreement may be made under this provision that will increase costs paid by the United States.

(iii) When the parties agree to a change to a cost accounting practice, other than a change under subdivision (a)(4)(i) of this clause, negotiate an equitable adjustment as provided in the Changes clause of this contract.

(5) Agree to an adjustment of the contract price or cost allowance, as appropriate, if the Contractor or a subcontractor fails to comply with an applicable Cost Accounting Standard, or to follow any cost accounting practice consistently and such failure results in any increased costs paid by the United States. Such adjustment shall provide for recovery of the increased costs to the United States, together with interest thereon computed at the annual rate established under section 6621 of the Internal Revenue Code of 1986

(26 U.S.C. 6621) for such period, from the time the payment by the United States was made to the time the adjustment is effected. In no case shall the Government recover costs greater than the increased cost to the Government, in the aggregate, on the relevant contracts subject to the price adjustment, unless the Contractor made a change in its cost accounting practices of which it was aware or should have been aware at the time of price negotiations and which it failed to disclose to the Government.

(b) If the parties fail to agree whether the Contractor or a subcontractor has complied with an applicable CAS in 48 CFR part 9904 or a CAS rule or regulation in 48 CFR part 9903 and as to any cost adjustment demanded by the United States, such failure to agree will constitute a dispute under the Contract Disputes Act (41 U.S.C. 601).

(c) The Contractor shall permit any authorized representatives of the Government to examine and make copies of any documents, papers, or records relating to compliance with the requirements of this clause.

(d) The Contractor shall include in all negotiated subcontracts which the Contractor enters into, the substance of this clause, except paragraph (b), and shall require such inclusion in all other subcontracts, of any tier, including the obligation to comply with all CAS in effect on the subcontract's award date or if the subcontractor has submitted cost or pricing data, on the date of final agreement on price as shown on the subcontractor's signed Certificate of Current Cost or Pricing Data. This requirement shall apply only to negotiated subcontracts in excess of $500,000 where the price negotiated is not based on -

(1) Established catalog or market prices of commercial items sold in substantial quantities to the general public; or

(2) Prices set by law or regulation, and except that the requirement shall not apply to negotiated subcontracts otherwise exempt from the requirement to include a CAS clause as specified in 48 CFR, Subpart 9903.201-1.

SECTION 5.31
DISCLOSURE AND CONSISTENCY OF COST ACCOUNTING PRACTICES. (NOV 1993) (FAR 52.230-3)

(a) The Contractor, in connection with this contract, shall -

(1) Comply with the requirements of 48 CFR, Subpart 9904.401, Consistency in Estimating, Accumulating, and Reporting Costs, 48 CFR, Subpart 9904.402, Consistency in Allocating Costs Incurred for the Same Purpose; 48 CFR Subpart 9904.405, Accounting for Unallowable Costs; and 48 CFR Subpart 9904.406 Cost Accounting Standard--Cost Accounting Period, in effect on the date of award of this contract as indicated in 48 CFR, Part 9904.

(2) (CAS-covered Contracts Only) If it is a business unit of a company required to submit a Disclosure Statement, disclose in writing its cost accounting practices as required by 48 CFR, subparts 9903.202-1 through 9903.202-5. If the Contractor has notified the Contracting Officer that the Disclosure Statement contains trade secrets and commercial or financial information which is privileged and confidential, the Disclosure Statement shall be protected and shall not be released outside of the Government.

(3)(i) Follow consistently the Contractor's cost accounting practices. A change to such practices may be proposed, however, by either the Government or the Contractor, and the Contractor agrees to negotiate with the Contracting Officer the terms and conditions under which a change may be made. After the terms and conditions under which the change is to be made have been agreed to, the change must be applied prospectively to this contract, and the Disclosure Statement, if affected, must be amended accordingly.

(ii) The Contractor shall, when the parties agree to a change to a cost accounting practice and the Contracting Officer has made the finding required in 48 CFR, subpart 9903.201-6(b), that the change is desirable and not detrimental to the interests of the Government, negotiate an equitable adjustment as provided in the Changes clause

of this contract. In the absence of the required finding, no agreement may be made under this contract clause that will increase costs paid by the United States.

(4) Agree to an adjustment of the contract price or cost allowance, as appropriate, if the Contractor or a subcontractor fails to comply with the applicable CAS or to follow any cost accounting practice, and such failure results in any increased costs paid by the United States. Such adjustment shall provide for recovery of the increased costs to the United States together with interest thereon computed at the annual rate of interest established under the Internal Revenue Code of 1986 (26 U.S.C. 6621), from the time the payment by the United States was made to the time the adjustment is effected.

(b) If the parties fail to agree whether the Contractor has complied with an applicable CAS, rule, or regulation as specified in 48 CFR, parts 9903 and 9904 and as to any cost adjustment demanded by the United States, such failure to agree will constitute a dispute under the Contract Disputes Act (41 U.S.C. 601).

(c) The Contractor shall permit any authorized representatives of the Government to examine and make copies of any documents, papers, and records relating to compliance with the requirements of this clause.

(d) The Contractor shall include in all negotiated subcontracts, which the Contractor enters into, the substance of this clause, except paragraph (b), and shall require such inclusion in all other subcontracts of any tier, except that -

(1) If the subcontract is awarded to a business unit which pursuant to 48 CFR, subpart 9903.201 is required to follow all CAS, the clause entitled "Cost Accounting Standards," set forth in FAR 52.230-2, shall be inserted in lieu of this clause; or

(2) This requirement shall apply only to negotiated subcontracts in excess of $500,000 where the price negotiated is not based on -

(i) Established catalog or market prices of commercial items sold in substantial quantities to the general public; or

(ii) Price set by law or regulation; or

(3) The requirement shall not apply to negotiated subcontracts otherwise exempt from the requirement to include a CAS clause as specified in 48 CFR, Subpart 9903.201-1.

SECTION 5.32
ADMINISTRATION OF COST ACCOUNTING STANDARDS. (FEB 1995) (FAR 52.230-5)

For the purpose of administering the Cost Accounting Standards (CAS) requirements under this contract, the Contractor shall take the steps outlined in paragraphs (a) through (g) of this clause:

(a) Submit to the cognizant Contracting Officer a description of any accounting practice change, the total potential impact of the change on contracts containing a CAS clause and a general dollar magnitude of the change which identifies the potential shift of costs between CAS-covered contracts by contract type (i.e., firm-fixed-price, incentive, cost-plus-fixed-fee, etc.) and other contractor business activity. As related to CAS-covered contracts, the analysis should identify the potential impact on funds of the various Agencies/Departments (i.e., Department of Energy, National Aeronautics and Space Administration, Army, Navy, Air Force, other Department of Defense, other Government) as follows:

(1) For any change in cost accounting practices required to comply with a new or modified CAS in accordance with subparagraph (a)(3) and subdivision (a)(4)(i) of the clause at FAR 52.230-2, Cost Accounting Standards, within 60 days (or such other date as may be mutually agreed to) after award of a contract requiring this change.

(2) For any change in cost accounting practices proposed in accordance with subdivision (a)(4)(ii) or (iii) of the clause at FAR 52.230-2, Cost Accounting Standards, or with subparagraph (a)(3) of the clause at FAR 52.230-3, Disclosure and Consistency of Cost Accounting Practices, not less than 60 days (or such other date as may be mutually agreed to) before the effective date of the proposed

change.

(3) For any failure to comply with an applicable CAS or to follow a disclosed practice (as contemplated by subparagraph (a)(5) at FAR 52.230-2, Cost Accounting Standards, or by subparagraph (a)(4) at FAR 52.230-3, Disclosure and Consistency of Cost Accounting Practices):

(i) Within 60 days (or such other date as may be mutually agreed to) after the date of agreement with the initial finding of noncompliance, or

(ii) In the event of Contractor disagreement with the initial finding of noncompliance, within 60 days of the date the Contractor is notified by the Contracting Officer of the determination of noncompliance.

(b) After an ACO determination of materiality, submit a cost impact proposal in the form and manner specified by the Contracting Officer within 60 days (or such other date as may be mutually agreed to) after the date of determination of the adequacy and compliance of a change submitted pursuant to paragraph (a) of this clause. The cost impact proposal shall be in sufficient detail to permit evaluation, determination, and negotiation of the cost impact upon each separate CAS-covered contract and subcontract.

(1) Cost impact proposals submitted for changes in cost accounting practices required to comply with a new CAS in accordance with subparagraph (a)(3) and subdivision (a)(4)(i) of the clause at FAR 52.230-2, Cost Accounting Standards, shall identify the applicable standard and all contracts and subcontracts containing the clause in this contract entitled Cost Accounting Standards, which have an award date before the effective date of that standard.

(2) Cost impact proposals submitted for any change in cost accounting practices proposed in accordance with subdivisions (a)(4)(ii) or (iii) of the clause at 52.230-2, Cost Accounting Standards, or with subparagraph (a)(3) of the clause at FAR 52.230-3, Disclosure and Consistency of Cost Accounting Practices, shall identify all contracts and subcontracts containing the clause at FAR 52.230-2, Cost Accounting Standards, and FAR 52.230-3, Disclosure and Consistency of Cost Accounting Practices.

(3) Cost impact proposals submitted for failure to comply with an applicable CAS or to follow a disclosed practice as contemplated by subparagraph (a)(5) of the clause at FAR 52.230-2, Cost Accounting Standards, or by subparagraph (a)(4) of the clause at FAR 52.230-3, Disclosure and Consistency of Cost Accounting Practices, shall identify the cost impact on each separate CAS covered contract from the date of failure to comply until the noncompliance is corrected.

(c) If the submissions required by paragraphs (a) and (b) of this clause are not submitted within the specified time, or any extension granted by the Contracting Officer, an amount not to exceed 10 percent of each subsequent amount determined payable related to the Contractor's CAS-covered prime contracts, up to the estimated general dollar magnitude of the cost impact, may be withheld until such time as the required submission has been provided in the form and manner specified by the Contracting Officer.

(d) Agree to appropriate contract and subcontract amendments to reflect adjustments established in accordance with subparagraphs (a)(4) and (a)(5) of the CAS clause at FAR 52.230-2 or with subparagraphs (a)(3) or (a)(4) of the Disclosure and Consistency of Cost Accounting Practices clause at FAR 52.230-3.

(e) For all subcontracts subject either to the CAS clause or to the Disclosure and Consistency of Cost Accounting Practices clause -

(1) So state in the body of the subcontract, in the letter of award, or in both (self-deleting clauses shall not be used); and

(2) Include the substance of this clause in all negotiated subcontracts. In addition, within 30 days after award of the subcontract, submit the following information to the Contractor's cognizant contract administration office for transmittal to the contract administration office cognizant of the subcontractor's facility:

(i) Subcontractor's name and subcontract

number.
   (ii) Dollar amount and date of award.
   (iii) Name of Contractor making the award.
   (iv) Any changes the subcontractor has made or proposes to make to cost accounting practices that affect prime contracts or subcontracts containing the CAS clause or Disclosure and Consistency of Cost Accounting Practices clause, unless these changes have already been reported. If award of the subcontract results in making one or more CAS effective for the first time, this fact shall also be reported.

   (f) Notify the Contracting Officer in writing of any adjustments required to subcontracts under this contract and agree to an adjustment, based on them, to this contract price or estimated cost and fee. This notice is due within 30 days after proposed subcontract adjustments are received and shall include a proposal for adjusting the higher tier subcontract or the prime contract appropriately.

   (g) For subcontracts containing the CAS clause, require the subcontractor to comply with all Standards in effect on the date of award or of final agreement on price, as shown on the subcontractor's signed Certificate of Current Cost or Pricing Data, whichever is earlier.

## SECTION 5.33
### DISCOUNTS FOR PROMPT PAYMENT. (APR 1989) (FAR 52.232-8)

   (a) Discounts for prompt payment will not be considered in the evaluation of offers. However, any offered discount will form a part of the award, and will be taken if payment is made within the discount period indicated in the offer by the offeror. As an alternative to offering a prompt payment discount in conjunction with the offer, offerors awarded contracts may include prompt payment discounts on individual invoices.

   (b) In connection with any discount offered for prompt payment, time shall be computed from the date of the invoice. For the purpose of computing the discount earned, payment shall be considered to have been made on the date which appears on the payment check or the date on which an electronic funds transfer was made.

## SECTION 5.34
### [RESERVED]

## SECTION 5.35
### ASSIGNMENT OF CLAIMS. (JAN 1986)(FAR 52.232-23)

   (a) The Contractor, under the Assignment of Claims Act, as amended, 31 U.S.C. 3727, 41 U.S.C. 15 (hereafter referred to as "the Act"), may assign its rights to be paid amounts due or to become due as a result of the performance of this contract to a bank, trust company, or other financing institution, including any Federal lending agency. The assignee under such an assignment may thereafter further assign or reassign its right under the original assignment to any type of financing institution described in the preceding sentence.

   (b) Any assignment or reassignment authorized under the Act and this clause shall cover all unpaid amounts payable under this contract, and shall not be made to more than one party, except that an assignment or reassignment may be made to one party as agent or trustee for two or more parties participating in the financing of this contract.

   (c) The Contractor shall not furnish or disclose to any assignee under this contract any classified document (including this contract) or information related to work under this contract until the Contracting Officer authorizes such action in writing.

## SECTION 5.36
### DISPUTES. (OCT 1995) (FAR 52.233-1)

   (a) This contract is subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613) .
   (b) Except as provided in the Act, all disputes arising under or relating to this contract shall be resolved under this clause.
   (c) "Claim," as used in this clause, means

a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract. A claim arising under a contract, unlike a claim relating to that contract, is a claim that can be resolved under a contract clause that provides for the relief sought by the claimant. However, a written demand or written assertion by the Contractor seeking the payment of money exceeding $100,000 is not a claim under the Act until certified as required by subparagraph (d)(2) below. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim under the Act. The submission may be converted to a claim under the Act, by complying with the submission and certification requirements of this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

(d)(1) A claim by the Contractor shall be made in writing and submitted to the Contracting Officer for a written decision. A claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer.

(2)(i) Contractors shall provide the certification specified in subparagraph (d)(2)(iii) of this clause when submitting any claim--

(A) Exceeding $100,000; or
(B) Regardless of the amount claimed, when using--

(1) Arbitration conducted pursuant to 5 U.S.C. 575-580; or

(2) Any other alternative means of dispute resolution (ADR) technique that the agency elects to handle in accordance with the Administrative Dispute Resolution Act (ADRA).

(ii) The certification requirement does not apply to issues in controversy that have not been submitted as all or part of a claim.

(iii) The certification shall state as follows: "I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the Contractor."

(3) The certification may be executed by any person duly authorized to bind the Contractor with respect to the claim.

(e) For Contractor claims of $100,000 or less, the Contracting Officer must, if requested in writing by the Contractor, render a decision within 60 days of the request. For Contractor-certified claims over $100,000, the Contracting Officer must, within 60 days, decide the claim or notify the Contractor of the date by which the decision will be made.

(f) The Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in the Act.

(g) At the time a claim by the Contractor is submitted to the Contracting Officer or a claim by the Government is presented to the Contractor, the parties, by mutual consent, may agree to use ADR. When using arbitration conducted pursuant to 5 U.S.C. 575-580, or when using any other ADR technique that the agency elects to handle in accordance with the ADRA, any claim, regardless of amount, shall be accompanied by the certification described in subparagraph (d)(2)(iii) of this clause, and executed in accordance with subparagraph (d)(3) of this clause.

(h) The Government shall pay interest on the amount found due and unpaid from (1) the date that the Contracting Officer receives the claim (certified if required), or (2) the date payment otherwise would be due, if that date is later, until the date of payment. With regard to claims having defective certifications, as defined in (FAR) 48 CFR 33.201, interest shall be paid from the date that the Contracting Officer initially receives the claim. Simple interest on claims shall be paid at the rate, fixed by the Secretary of the Treasury as provided in the Act, which is applicable to the period during which the Contracting Officer receives the claim and then at the rate applicable for each 6-month period as fixed by the Treasury Secretary

during the pendency of the claim.

(i) The Contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal, or action arising under the contract, and comply with any decision of the Contracting Officer.

## SECTION 5.37
## NOTICE OF INTENT TO DISALLOW COSTS (APR 1984) (FAR 52.242-1)

(a) Notwithstanding any other clause of this contract--

(1) The Contracting Officer may at any time issue to the Contractor a written notice of intent to disallow specified costs incurred or planned for incurrence under this contract that have been determined not to be allowable under the contract terms; and

(2) The Contractor may, after receiving a notice under subparagraph (1) above, submit a written response to the Contracting Officer, with justification for allowance of the costs. If the Contractor does respond within 60 days, the Contracting Officer shall, within 690 days of receiving the response, either make a written withdrawal of the notice or issue a written decision.

(b) Failure to issue a notice under this Notice of Intent to Disallow Costs clause shall not affect the Government's right to take exception to incurred costs.

## SECTION 5.38
## CHANGES--FIXED PRICE--ALTERNATE I (AUG 1987) (FAR 52.243-1)

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in any one or more of the following:

(1) Description of services to be performed.

(2) Time of performance (i.e., hours of the day, days of the week, etc.).

(3) Place of performance of the services.

(b) If any such change causes an increase or decrease in the cost of, or the time required for, performance of any part of the work under this contract, whether or not changed by the order, the Contracting Officer shall make an equitable adjustment in the contract price, the delivery schedule, or both, and shall modify the contract.

(c) The Contractor must assert its right to an adjustment under this clause within 30 days from the date of receipt of the written order. However, if the Contracting Officer decides that the facts justify it, the Contracting Officer may receive and act upon a proposal submitted before final payment of the contract.

(d) If the Contractor's proposal includes the cost of property made obsolete or excess by the change, the Contracting Officer shall have the right to prescribe the manner of the disposition of the property.

(e) Failure to agree to any adjustment shall be a dispute under the Disputes clause. However, nothing in this clause shall excuse the Contractor from proceeding with the contract as changed.

## SECTION 5.39
## COMPETITION IN SUBCONTRACTING. (APR 1985) (FAR 52.244-5)

The Contractor shall select subcontractors (including suppliers) on a competitive basis to the maximum practical extent consistent with the objectives and requirements of the contract.

## SECTION 5.40
## GOVERNMENT PROPERTY (FIXED-PRICE CONTRACTS). (DEC 1989) (FAR 52.245-2)

(a) Government-furnished property. (1) The Government shall deliver to the Contractor, for use in connection with and under the terms of this contract, the Government-furnished property described in the Schedule or specifications together with any related data and information that the Contractor may request and is reasonably required for the intended use of the property (hereinafter referred to as "Government-furnished property").

(2) The delivery or performance dates for this contract are based upon the expectation that Government-furnished property suitable for use (except for property furnished "as-is") will be delivered to the Contractor at the times stated in the Schedule or, if not so stated, in sufficient time to enable the Contractor to meet the contract's delivery or performance dates.

(3) If Government-furnished property is received by the Contractor in a condition not suitable for the intended use, the Contractor shall, upon receipt of it, notify the Contracting Officer, detailing the facts, and, as directed by the Contracting Officer and at Government expense, either repair, modify, return, or otherwise dispose of the property. After completing the directed action and upon written request of the Contractor, the Contracting Officer shall make an equitable adjustment as provided in paragraph (h) of this clause.

(4) If Government-furnished property is not delivered to the Contractor by the required time, the Contracting Officer shall, upon the Contractor's timely written request, make a determination of the delay, if any, caused the Contractor and shall make an equitable adjustment in accordance with paragraph (h) of this clause.

(b) Changes in Government-furnished property. (1) The Contracting Officer may, by written notice, (i) decrease the Government-furnished property provided or to be provided under this contract, or (ii) substitute other Government-furnished property for the property to be provided by the Government, or to be acquired by the Contractor for the Government, under this contract. The Contractor shall promptly take such action as the Contracting Officer may direct regarding the removal, shipment, or disposal of the property covered by such notice.

(2) Upon the Contractor's written request, the Contracting Officer shall make an equitable adjustment to the contract in accordance with paragraph (h) of this clause, if the Government has agreed in the Schedule to make the property available for performing this contract and there is any -

(i) Decrease or substitution in this property pursuant to subparagraph (b)(1) above; or

(ii) Withdrawal of authority to use this property, if provided under any other contract or lease.

(c) Title in Government property. (1) The Government shall retain title to all Government-furnished property.

(2) All Government-furnished property and all property acquired by the Contractor, title to which vests in the Government under this paragraph (collectively referred to as "Government property"), are subject to the provisions of this clause. However, special tooling accountable to this contract is subject to the provisions of the Special Tooling clause and is not subject to the provisions of this clause. Title to Government property shall not be affected by its incorporation into or attachment to any property not owned by the Government, nor shall Government property become a fixture or lose its identity as personal property by being attached to any real property.

(3) Title to each item of facilities and special test equipment acquired by the Contractor for the Government under this contract shall pass to and vest in the Government when its use in performing this contract commences or when the Government has paid for it, whichever is earlier, whether or not title previously vested in the Government.

(4) If this contract contains a provision directing the Contractor to purchase material for which the Government will reimburse the Contractor as a direct item of cost under this contract -

(i) Title to material purchased from a vendor shall pass to and vest in the Government upon the vendor's delivery of such material; and

(ii) Title to all other material shall pass to and vest in the Government upon -

(A) Issuance of the material for use in contract performance;

(B) Commencement of processing of the material or its use in contract performance; or

(C) Reimbursement of the cost of the material by the Government, whichever occurs first.

(d) Use of Government property. The Government property shall be used only for performing this contract, unless otherwise provided in this contract or approved by the Contracting Officer.

(e) Property administration. (1) The Contractor shall be responsible and accountable for all Government property provided under this contract and shall comply with Federal Acquisition Regulation (FAR) subpart 45.5, as in effect on the date of this contract.

(2) The Contractor shall establish and maintain a program for the use, maintenance, repair, protection, and preservation of Government property in accordance with sound industrial practice and the applicable provisions of subpart 45.5 of the FAR.

(3) If damage occurs to Government property, the risk of which has been assumed by the Government under this contract, the Government shall replace the items or the Contractor shall make such repairs as the Government directs. However, if the Contractor cannot effect such repairs within the time required, the Contractor shall dispose of the property as directed by the Contracting Officer. When any property for which the Government is responsible is replaced or repaired, the Contracting Officer shall make an equitable adjustment in accordance with paragraph (h) of this clause.

(4) The Contractor represents that the contract price does not include any amount for repairs or replacement for which the Government is responsible. Repair or replacement of property for which the Contractor is responsible shall be accomplished by the Contractor at its own expense.

(f) Access. The Government and all its designees shall have access at all reasonable times to the premises in which any Government property is located for the purpose of inspecting the Government property.

(g) Risk of loss. Unless otherwise provided in this contract, the Contractor assumes the risk of, and shall be responsible for, any loss of destruction of, or damage to, Government property upon its delivery to the Contractor or upon passage of title to the Government under paragraph (c) of this clause. However, the Contractor is not responsible for reasonable wear and tear to Government property or for Government property properly consumed in performing this contract.

(h) Equitable adjustment. When this clause specifies an equitable adjustment, it shall be made to any affected contract provision in accordance with the procedures of the Changes clause. When appropriate, the Contracting Officer may initiate an equitable adjustment in favor of the Government. The right to an equitable adjustment shall be the Contractor's exclusive remedy. The Government shall not be liable to suit for breach of contract for --

(1) Any delay in delivery of Government-furnished property;

(2) Delivery of Government-furnished property in a condition not suitable for its intended use;

(3) A decrease in or substitution of Government-furnished property; or

(4) Failure to repair or replace Government property for which the Government is responsible.

(i) Final accounting and disposition of Government property. Upon completing this contract, or at such earlier dates as may be fixed by the Contracting Officer, the Contractor shall submit, in a form acceptable to the Contracting Officer, inventory schedules covering all items of Government property (including any resulting scrap) not consumed in performing this contract or delivered to the Government. The Contractor shall prepare for shipment, deliver f.o.b. origin, or dispose of the Government property as may be directed or authorized by the Contracting Officer. The net proceeds of any such disposal shall be credited to the contract price or shall be paid to the Government as the Contracting Officer directs.

(j) Abandonment and restoration of Contractor's premises. Unless otherwise