# ASCHEMANN KELLER LLC
*ATTORNEYS AT LAW*

108 WEST JACKSON
MARION, ILLINOIS 62959
(618) 998-9988
FAX (618) 998-0796
www.quitamlaw.org

DALE J. ASCHEMANN
TIMOTHY KELLER

April 1, 2005

**Via Facsimile to (937) 222-6554 and Regular Mail**

Ms. Barbara A. Duncombe
Mr. Jim Dyer
Sebaly Shillito + Dyer
1900 Kettering Tower
Dayton, Ohio 45423

> RE: U.S. *ex rel.* Andrew Garner v. Anthem *et al.*
> S.D. of Ohio, Western Division
> **UNDER SEAL AND CONFIDENTIAL**

Dear Ms. Duncombe and Mr. Dyer:

I would like to thank both of you for participating in yesterday's conference calls. I found the calls helpful and believe each side better understands and appreciates the others respective positions. Based on Ms. Duncombe's clarification that your client is not locked in at the $400,000.00 offer, I believe our negotiations should continue and will forego requesting the seal be lifted next week.

Mr. Alderson and I conferred this morning and have reduced and prioritized the documents and information the United States is requesting from your client relating to the prescription rebate allegations. Mr. Alderson requested that I forward to you the following requests:

1. provide the Total amount of annual rebates received by APM or its affiliates (i.e. Anthem Midwest, Inc.) relating to the mail service prescriptions from 1997 through the end of 2001 and the amounts annually received on mail service prescriptions for FEP/HMP members;
2. explain whether rebates APM received from mail service prescriptions were included in the line item "Retail Rebates Earned" appearing on the 1998 through 2001 FEP True up Summary sheets enclosed with Barbara's 3/18/03 memorandum, and if not, explain why;
3. provide total number of annual mail in prescriptions from 1997 through 2001 for all APM members and provide total number of annual mail in prescriptions from 1997 through 2001 for FEP/HMP members;
4. provide the actual member numbers on which the FEP/HMP true up percentage allocations were based for 1990 through 2001;

**EXHIBIT F**

Ms. Barbara Duncombe
April 1, 2005
Page 2

5. identify those years between 1990 and 1998 that APM or its predecessor calculated FEP/HMP true-up summaries and, if prepared, provide copies. Further state whether these FEP true ups, if such exist, were provided to OPM and if so, when;

6. indicate by year what portions of the total rebates received by APM or its predecessor were "allocated" to FEP/HMP and those portions that were excluded. If portions, such as mail in rebates were excluded, explain why;

7. explain the methodology prior to 1998 by which the amount of rebates due FEP/HMP were calculated and, why this methodology changed in 1998;

8. explain the methodology or procedures utilized by your client in verifying the accuracy of the True-Up summaries in connection with your client's officers' executions of the "Certification of Accounting Statement Accuracy" required of Section 3.2 of Contract # CS 1659; and,

9. provide copies of your client's annual "Certification of Accounting Statement Accuracy" required of Section 3.2 of Contract # CS 1659.

As we discussed yesterday, time is of the essence if we have any hope of resolving this matter prior to the scheduled lifting of the seal on May 25, 2005. Accordingly, it is imperative that your client provide this information at soon as possible and particularly, are requesting responses to paragraphs 1 and 2 by April 5, 2005.

I suggest scheduling another conference call next Friday for further discussions. Please check your calendars and advise as to your availability. Feel free to respond via e-mail.

If you have any questions or comments, please contact me at your convenience to discuss.

Very truly yours,

Timothy Keller

JTK/lar
cc:   Stanley Alderson, via Facsimile
      James Garner