IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. ANDREW M. GARNER, III, | : : : | Case No. 1:00cv00463 (Judge S. Arthur Spiegel) |
| Plaintiffs, | : : | |
| vs. | : : | STIPULATION AND PROTECTIVE ORDER REGARDING |
| ANTHEM INSURANCE COMPANIES, INC., et al., | : : : | CONFIDENTIALITY |
| Defendants. | : | |

On September 15, 2005, this Court held a status conference and subsequently issued an order establishing a 60-day discovery period for issues relating to Defendant Anthem's Prescription Management Program and to the Relator's retaliation claim (Doc. # 58). Relator served a Request for the Production of Documents on October 7, 2005 and Interrogatories to Defendants on October 14, 2005. Defendant Anthem Insurance Companies, Inc. served its First Request for Production of Documents on October 7, 2005. The Parties disagree as to the applicability of this protective order as to documents provided prior to the Court's September 15, 2005 Order. This matter is reserved for decision by the Court pursuant to the Court's usual and customary procedure for resolving discovery disputes. Until such time as decided otherwise by this Court, this Order shall apply to all documents produced prior to, during and after the sixty day discovery period referenced above.

{00185013.DOC/4}

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, Relator Andrew M. Garner, III ("Relator") and Defendant Anthem Insurance Companies, Inc. ("AICI") and Defendant Anthem Prescription Management, Inc. ("APM") (hereinafter AICE and APM are collectively referred to as "Anthem"), and for good cause therefore having been shown based in part on the interests promoted by, and the prohibitions against disclosure contained in, the Trade Secret Act, 18 U.S.C. § 1905, *inter alia*, and similar protections of state law, the Court enters the following Protective Order governing the use in this litigation and thereafter by the Parties and their attorneys of "Protected Competitive Materials" and "Protected Information," as defined below.

1. **Definitions**: For purpose of this Order, the following definitions shall be applied:

    A. **Counsel**: All attorneys representing any Party and all partners, shareholders, associates, members and employees of their respective firms, including in-house counsel for any Party.

    B. **Discovery Items**: All materials and information produced or provided by any Party through discovery in this action, including but not limited to, documents or other tangible things produced in response to a subpoena, deposition notice, document request, agreement of the Parties, deposition testimony, interrogatory responses or responses to Requests for Admissions. As used herein, "Discovery" means formal discovery, informal discovery, and discovery by agreement under Rule 29 of the Federal Rules of Civil Procedure or the Local Civil Rules of the U.S. District Court for the Southern District of Ohio.

    C. **Experts**: Any expert engaged by a Party for purposes of this litigation,

{00185013.DOC/4}

2

including experts employed by the Parties.

  D. **Party or Parties:** As used herein, "Party" means the United States, Relator James Garner and each of the Defendants, and their officers, directors and employees.

  E. **Producing Party:** The Party that is producing or providing Discovery Items.

  F. **Protected Information:**

    i. Information required to be kept confidential pursuant to the terms of a written contract between Defendants and any Third Party;

    ii. Proprietary information;

    iii. Trade secrets;

    iv. Personal Information Relating to any of the Parties, their employees, or agents, including personal tax information, social security numbers, and information subject to the Health Insurance Portability and Accountability Act of 1996; and

    v. Any other confidential or competition-sensitive commercial information that is not otherwise publicly available.

  G. **Protected Competitive Materials** include any and all Discovery Items or other records, documents and/or information in any format that are produced by the United States, Relator or Defendants, or that are created in whole or in part from materials produced by the United States, the Relator or Defendants (including without limitation copies, summaries, derivations, and the like) that contain "Protected

{00185013.DOC/4}

3

Information." Materials from which all Protected Information has been redacted shall not constitute Protected Competitive Materials.

    H.    **Qualified Persons**:

        i.    The Court and its personnel, including court reporters;

        ii.    Consultants and experts, if such access is necessary to obtain their expert opinion and/or testimony;

        iii.    The Office of Personnel Management, Relator and Defendants, including all of their respective agents and employees;

        iv.    All counsel specifically including the Department of Justice, including all of their respective agents and employees;

        v.    Witnesses, potential witnesses and deponents who have personal knowledge of any Protected Competitive Materials such as by virtue of having prepared, received and/or reviewed that record prior to this litigation; and

        vi.    Any others only as permitted by amendment of this Order.

    I.    **Third Party**: As used herein, "Third Party" means any person or entity other than the Parties, whether identified as a potential witness or not.

2.    **Production of Protected Competitive Materials:** All Parties shall disclose and produce any non-privileged, discoverable Protected Competitive Materials responsive to any other party's current or future discovery requests (subject to any applicable privileges or other defenses to production) without redaction and without obtaining the prior written consent of the individuals to whom the Protected Competitive Materials pertain.

{00185013.DOC/4}

3. **Designation of Protected Competitive Materials:** When any party produces Protected Competitive Materials in response to a discovery request that the producing party believes contains Protected Information or as soon thereafter as practical, that party shall designate, within six months of the production unless determined otherwise as appropriate by the Court, the first page of the materials, accompanying cover letter, diskette cover, interrogatory or request for admission response, with the following designation: "CONFIDENTIAL", "PROTECTED COMPETITIVE MATERIALS", "CONFIDENTIAL: PRODUCED SUBJECT TO PROTECTIVE ORDER", "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," or the like.

4. **Limits on Disclosure and Use of Protected Competitive Materials:** The Protected Competitive Materials so produced by the Producing Parties and designated as containing Protected Information shall not be shown by any Parties or their Counsel to anyone other than Qualified Persons. Any Qualified Person who receives Protected Competitive Materials shall not make disclosure to anyone other than as otherwise permitted by this Order. All Protected Competitive Materials produced by any Producing Party shall be used by the other Parties, Counsel and all other Qualified Persons only for the purposes of this litigation, and not for any other purpose whatsoever, except as provided herein or as otherwise may be required by law.

5. **Protection against Disclosure to Third Party:** In the event of a request by a Third Party (excluding Congress or an agency of the United States) to the United States for disclosure of Protected Competitive Material, the United States will protect the documents from disclosure to the fullest extent permitted by law. In the event of a lawful subpoena or Court

{00185013.DOC/4}

Order issued in another federal or state court action requiring Relator or any of the Defendants to produce or disclose Protected Competitive Materials, the party receiving such subpoena or order shall before production of any such materials give the Producing Party reasonable notice and an opportunity at the expense of the Producing Party to file a motion or take other action to protect the Protected Competitive Materials from disclosure.

6. **Acknowledgment of Protective Order:** Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose Protected Competitive Material to Qualified Persons who are experts, employees, agents, consultants, or prospective witnesses; provided, however, that any such person to whom "Protected Competitive Material" is disclosed, excluding employees of the United States, first shall be advised of the terms of this Order and shall be required to execute a written acknowledgment that such person has read the Order and agrees to be bound by it. Further, before Defendants or Relator show any Protected Competitive Materials to Qualified Persons other than the Relator and his counsel or employees of the Defendants and their counsel, who are witnesses, potential witnesses or deponents, the Party proposing to disclose such materials shall have each such person or entity sign the "Acknowledgment of Protective Order" attached hereto.

7. **Disclosure to Agencies:** Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, Protected Competitive Material relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Protected Competitive Material by an agency in any proceeding

{00185013.DOC/4}

relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of Protected Competitive Material consistent with the terms of this Order.

8.  **Disclosure to Congress:** Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Protected Competitive Material has been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the Producing Party of the Congressional entity's request and the United States' response thereto.

9.  **Depositions:** In the event that Protected Information is elicited through questioning at a deposition, the Producing Party may, at the time of the question (or within four weeks of the Parties' receipt of the deposition transcript), designate the answer or subject matter as "CONFIDENTIAL", "PROTECTED COMPETITIVE MATERIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." After such designation, the Producing Party may require that all persons not deemed Qualified Persons leave the deposition room before the question is answered. Testimony designated as "CONFIDENTIAL", "PROTECTED MATERIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be bound separately from the rest of the transcript and maintained in confidence as Protected Competitive Materials pursuant to the terms of this Order. The separately bound portion of the transcript shall be plainly marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Any additional cost associated with separately binding a portion of the transcript (but excluding the

{00185013.DOC/4}

cost of the reporter time during the deposition and the usual and customary cost for obtaining a transcription) shall be borne by the Producing Party.

10. **Hearings and Trial:** The procedures for use of Protected Competitive Materials during any hearing or the trial of this matter shall be determined by the Court at the time when the pretrial order is submitted to the Court or such other time as the Court determines. Until that time, the Parties shall not use Protected Competitive Materials in open court without prior reasonable notice to the court and the Producing Party in order to provide a reasonable opportunity for the Producing Party to seek an order imposing appropriate restrictions upon use or disclosure of such Protected Competitive Materials during any hearing or trial.

11. **No Waiver:** The failure to designate any materials as provided in Paragraph 3 shall not constitute a waiver of any Parties' assertion that the materials are covered by this Protective Order as long as the designation is made within the time required by Paragraph 3.

12. **Late Designation of Protected Competitive Materials:** The Defendants assert that from time to time Discovery Items or other materials and information that are properly designated as Protected Competitive Information may from time to time fail to be designated as such due to mistake, inadvertence, impracticality or the like. All Parties agree that no party shall be deemed in violation of this Order for disclosing materials and information which, at the time of such disclosure, have not been designated as "Protected Competitive Materials"; provided, however, that after such materials or information are designated as "Protected Competitive Materials," the Parties shall thereafter treat such materials and information as "Protected Competitive Materials," the disclosure of which shall be subject to this Order.

13. **Other Sources:** Discovery Items that are publicly and lawfully available from sources other than the Parties to this litigation shall not be construed as Protected Competitive Materials.

14. **Court Filings:** All pleadings, motions or memoranda or other materials filed with the Court by any Party containing Protected Competitive Materials shall be filed under seal in accordance with this Court's rules regarding filing submissions under seal. Unless otherwise ordered by the Court, only Qualified Persons (including the Court and any court to which this action may be appealed or transferred) and person employed by the Court in this action should be given access to any such sealed Protected Competitive Materials.

15. **Return of Protected Competitive Materials:** All Parties and other persons receiving information and/or documents subject to this protective order shall return all originals of the documents, all copies of the documents, and all summaries or other derivative uses of the documents to counsel for the producing party within thirty (30) days after the conclusion of the litigation, including any appeal, or within thirty (30) days after the date which they are no longer a party to the litigation or assigned or retained to work on the litigation, whichever date is earlier. In the alternative, these individuals or entities may destroy the documents, document copies and derivative uses and so certify in writing to counsel for the producing party. Notwithstanding the foregoing, the United States Department of Justice may maintain one copy of any protected materials in its case file.

16. **Not a Discovery Ruling or Admissions:** This Order does not constitute a ruling on the question of whether any particular materials is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

{00185013.DOC/4}

9

17. **Challenge to Designation of Protected Competitive Material:** The Parties disagree as to the procedure for and timing of any such challenge to the designation of Protective Competitive Materials. This matter is reserved for decision by the Court pursuant to the Court's usual and customary procedure for resolving discovery disputes. If the United States intends to contest any document designated as Protected Competitive Material, it shall notify the Producing Party in writing at least ten business days prior to disclosing that document in any public proceeding or publicly filed document. The Producing Party shall have the option to file a petition for a protective order with a court of competent jurisdiction demonstrating that there is good cause to designate the document at issue as Protected Competitive Material. If a timely petition for a protective order is filed, the document at issue will be treated as Protected Competitive Material until a final, non-appealable order has been entered or until the time to appeal an order has expired.

18. **Prior Protective Order:** To the extent any prior Protective Order entered by this Court in this matter conflicts with the provisions of this Order, this Order will control. Specifically, this Court's prior June 13, 2000 Protective Order Regarding Relator's Statement is modified within the scope of this Court's discovery Order (Doc. 58) to allow Relator to produce the factual portions of Relator's Written Disclosure of Material Evidence. *All matters subject to further Order of the Court*

SO ORDERED this 3 day of October, 2005. *Nov.*

_____
U.S. DISTRICT JUDGE S. ARTHUR SPIEGEL

{00185013.DOC/4}

10

**AGREED TO:**

/s/ Paul B. Martins
Paul B. Martins (Ohio Bar 0007623)
Julie W. Popham (Ohio Bar 0059371)
Helmer, Martins, Rice & Popham Co., L.P.A.
Fourth & Walnut Centre
105 East Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 421-2400
Facsimile: (513) 421-7902
*Trial Attorneys for Relator*

/s/ James A. Dyer
James A. Dyer (Ohio Bar 0006824)
Barbara A. Duncombe (Ohio Bar 0072199)
Sebaly Shillito & Dyer
1900 Kettering Tower
Dayton, Ohio 45423
Telephone: (937) 222-2500
Facsimile: (937) 222-2521
*Trial Attorneys for Defendants*

/s/ J. Timothy Keller
J. Timothy Keller
Aschemann Keller LLC
108 West Jackson Street
Marion, Illinois 62959
Telephone: (618) 998-9988
Facsimile: (618) 998-0796
*Attorney for Relator*

/s/ Stanley E. Alderson  per telephone authorization
Stanley E. Alderson          to Barbara Duncombe
U.S. Department of Justice
Civil Division
P.O. Box 261
Washington, D.C. 20044
Telephone: (202) 307-6696
Facsimile: (202) 616-3085
*Attorney for the United States*